UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

DANTE G. FREDERICK,              )
                                 )
    Plaintiff,                   )
                                 )
v.                               )
                                 )        CV416-310
F. BARRY WILKES, J. WILLIAMS,    )
                                 )
    Defendants.                  )

## ORDER

Proceeding *pro se* and *in forma pauperis* (IFP), Dante Frederick has filed this civil rights case against defendants Wilkes and Williams, clerks for the Superior Court of Liberty County. Doc. 1. He alleges that they have refused to docket a civil action that he submitted for filing in that court. *Id.* His complaint, a mishmash of the Northern District's § 1983 form complaint and his own handwritten creation, was dismissed without prejudice[1] when he failed to comply with the Court's order to file

---

[1] As the Court noted in its December 2016 Order:

    The federal courts have long made available to jails and prisons specific forms for filing habeas and civil rights cases. In *Williams v. Freesemann*, 2015 WL 6798946 at * 1 n. 4 (S.D. Ga. Oct. 15, 2015), this Court noted that some

an amended complaint and Prisoner Trust Fund Statement. Doc. 9. Construing plaintiff's "motion for understanding" as a motion to reopen his case, Dante Frederick's motion is **GRANTED**. Doc. 12. Plaintiff will be given one more opportunity to comply with the Court's instructions.

Accordingly, plaintiff must resubmit his complaint on this Court's form within thirty days of the date this Order is served. Plaintiff is therefore **ORDERED** to complete the attached **Form to be Used by Prisoners in Filing a Complaint Under the Civil Rights Act, 42 U.S.C. § 1983**, which requires that prisoner plaintiffs disclose: (1) whether they have brought other federal lawsuits while incarcerated, (2) whether they were allowed to proceed IFP in any such lawsuits, and (3) whether any such suit was dismissed on the ground that it was frivolous, malicious, or failed to state a claim.[2] **Failure to comply with**

---

inmate-litigants bypass those forms in favor of "home-brewed" filings. Adverse factors can motivate that effort. The Court's forms force inmates to answer questions aimed at capturing things like 28 U.S.C. § 1915(g) strikes and repeat (*e.g.*, successive writ) habeas filings. *See, e.g., Bright v. Corizon Health Corp.*, 2015 WL 9257155 at * 1 (S.D. Ga. Dec. 18, 2015) ("Bright's incentive to omit his prior case information is strong because of the § 1915(g) three-strike bar."). "Home-brewers" typically omit those prophylactic questions from their filings.

Doc. 9 at 1-2.

[2] This Court's § 1983 complaint form, which is availed to all prisons and jails, *see* http://www.gasd.uscourts.gov/pdf/prisoner1983.pdf, compels inmates to disclose prior lawsuits. That data is necessary to enforce the "Three Strikes" rule illuminated in

**this order within thirty days from the date this Order is served will result in a recommendation that this case be dismissed.**

Plaintiff must also furnish the enclosed **Prisoner Trust Fund Account Statement** to the trust (financial) officer of each prison where he has been confined for the past six months. The trust officer will complete and sign the form and return the form and supporting documents to plaintiff for submission to the Court. Two copies of the form are enclosed for this purpose.

Plaintiff must return **both** the **Form to be Used by Prisoners in Filing a Complaint Under the Civil Rights Act, 42 U.S.C. § 1983**, and the **Prisoner Trust Account Statement** to the Clerk within 30 days of this Order, or his case will again be recommended for dismissal.

Once Frederick has complied with the conditions of this Order, the

---

*Owens v. Morales*, 2015 WL 5040245 at * 1 (S.D. Ga. Aug. 25, 2015). *See Boney v. Hickey*, 2014 WL 4103918 at * 4-5 (S.D. Fla. Aug. 15, 2014) (collecting cases that discuss what constitutes a 28 U.S.C. § 1915(g) strike, three of which can lead to a substantial curtailment on an inmate's ability to proceed IFP).

Under the question concerning whether a prisoner plaintiff has brought any lawsuits in federal court dealing with the facts other than those involved in this action, plaintiff must specifically describe *each* such lawsuit, and if there is more than one such lawsuit, the additional lawsuits must be described on another piece of paper.

Court will review his complaint to determine which, if any, claims are viable and which, if any, defendants should be served with a copy of the complaint. If no response is timely received from plaintiff, the Court will presume that he desires to have this case voluntarily dismissed and will dismiss this action without prejudice.

The Clerk of Court is **DIRECTED** to serve along with a copy of this Order (1) a 42 U.S.C. § 1983 form complaint; (2) a Prisoner Trust Account Statement form; and (3) (pursuant to plaintiff's request, as it is "impossible to remember all [the] facts without look[ing] at filing 'original'") a copy of his original complaint (doc. 1). Doc. 12 at 3. Plaintiff shall have 30 days from the service of this Order to fill out and return **both forms**.

**Failure to comply with this Order within thirty days will result in the dismissal of plaintiff's case, without prejudice.**

**SO ORDERED**, this  20th   day of March, 2017.

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA