# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | |
|---|---|
| DANTE G. FREDRICK, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) CV416-310 |
| F. BARRY WILKES, J. WILLIAMS, | ) ) |
| Defendants. | ) |

## **REPORT AND RECOMMENDATION**

Dante Fredrick has filed this civil rights case against defendants Wilkes and Williams, clerks for the Superior Court of Liberty County. Doc. 1 (alleging defendants refused to docket a civil action that he submitted for filing in that court). Fredrick was granted leave to proceed *in forma pauperis* (IFP) based upon his representation that, while he had filed civil lawsuits "in the federal courts," "none of the cases [had been] dismissed [be]cause of frivolousness, maliciousness, or failure to state a claim." Docs. 1 at 2 (attesting he had repeatedly voluntarily dismissed cases, so as not to result in a "strike") & 14 at 2 (attesting he has "no strikes" because "none of [his] filings was dismissed for

1

frivolousness, maliciousness, or failure to state [a] claim"). Fredrick, however, lied to this Court.

## I. (More Than) Three Strikes

A review of Plaintiff's history of filings reveals that he has brought numerous civil actions or appeals which were dismissed and appear to count as strikes under Section 1915(g). A non-exhaustive list of these cases includes the following:

- *Fredrick v. Danforth, et al.*, No. CV314-162 (S.D. Ga. April 27, 2015) (dismissed for failure to truthfully disclose litigation history);[1]

- *Fredrick v. Scarlett, et al.*, No. CV215-135 (S.D. Ga. Dec. 9, 2015) (dismissed for failure to state a claim); and

- *Fredrick v. Williams*, No. CV616-073 (S.D. Ga. Aug. 24, 2015) (dismissed for failure to state a claim).

---

[1] Dismissals for providing false filing-history information and failing to comply with court orders both fall under the category of "abuse of the judicial process," which the Eleventh Circuit has held to be a "strike-worthy" form of dismissal under § 1915(g). *See Rivera v. Allin*, 144 F.3d 719, 723 (11th Cir. 1998) ("[D]ismissal for abuse of the judicial process is precisely the type of strike that Congress envisioned when drafting section 1915(g)."), *abrogated on other grounds by Jones v. Bock*, 549 U.S. 199 (2007); *Malautea v. Suzuki Motor Co.*, 987 F.2d 1536, 1544 (11th Cir. 1993) (characterizing failure to comply with court orders as "abuse of the judicial process").

Prisoner plaintiffs may seek leave to proceed in "any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor" pursuant to 28 U.S.C. § 1915(a).  However, § 1915(g) of the Prison Litigation Reform Act also provides that

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is *frivolous, malicious, or fails to state a claim upon which relief may be granted*, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g) (2006) (emphasis added).[2]

This section, known as the "three strikes" provision, wards against abusive prisoner litigants having unlimited IFP access to the courts to pursue frivolous, malicious or meritless claims.  "Three strikes" inmates are not banned from the courthouse entirely, but must pay the full filing

---

[2]  Not that, only those

> [t]hree specific grounds render a dismissal a strike: "frivolous," "malicious," and "fails to state a claim upon which relief may be granted."  Under the negative-implication canon, [they] are the only grounds that can render a dismissal a strike. *See* ANTONIN SCALIA & BRYAN A. GARNER, READING LAW 107–11 (2012).  Neither "lack of jurisdiction" nor "want of prosecution" are enumerated grounds, so a dismissal on either of those bases, without more, cannot serve as a strike.

*Daker v. Comm'r, Georgia Dept. of Corr.*, 820 F.3d 1278, 1283-84 (11th Cir. 2016); *see also id.* (the dismissal of a prisoner's action or appeal for want of prosecution, even after a single judge of the Court of Appeals has denied an IFP petition on frivolity grounds, does not result in a "strike.").

fee before they may proceed. And Fredrick already knows that he has three strikes. *See, e.g., Fredrick v. McLaughlin*, No. 317-056 (M.D. Ga. Mar. 28, 2017) (denying IFP and dismissing under "three strikes" provision of § 1915(g)). Despite this, he attested that he his cases have never counted as a "strike" under the PLRA. Docs. 1 at 2 & 14 at 2.

## II. Dismissal Pursuant to Rule 11

Given that Fredrick intentionally misled the Court, sanctions are warranted. Fed. R. Civ. P. Rule 11(b) "forbids lying in pleadings, motions, and other papers filed with the court." *Zocaras v. Castro*, 465 F.3d 479, 484 (11th Cir. 2006). "Rule 11(c) provides for sanctions concerning misrepresentations made in papers filed with the court under Rule 11(b)." *Id.* at 490; *see also* 5A Charles Alan Wright & Arthur R. Miller, FED. PRAC. & PROC. § 1335 (3d ed. 2004) (noting that courts have deemed sanctions appropriate to punish various forms of party misconduct). And Rule 41(b) "expressly authorizes the involuntary dismissal of a claim for plaintiff's failure to abide" by the Rules. *Zocaras*, 465 F.3d at 490; *State Exch. Bank v. Hartline*, 693 F.2d 1350, 1352 (11th Cir.1982).

Further, "the power of a court to dismiss a claim is inherent in a trial court's authority to enforce its orders and ensure prompt disposition of legal actions." *Zocaras*, 465 F.3d at 490; *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962); *Hartline*, 693 F.2d at 1352. The Eleventh Circuit approves of dismissals under the inherent power where a litigant, in bad faith, fails to disclose his prior cases on a form complaint. *Young v. Sec'y Fla. for the Dep't of Corrs.*, 380 F. App'x 939, 940-41 (11th Cir. June 1, 2010) (affirming dismissal under inherent power for plaintiff's failure to disclose his prior cases on the court's complaint form); *see Rivera*, 144 F.3d 719, 731 (11th Cir.1998) (district court did not abuse its discretion by dismissing an action without prejudice where plaintiff "had lied under penalty of perjury about the existence of a prior lawsuit").

While a prisoner's pro se pleading is entitled to liberal construction, that doctrine presupposes that the prisoner was honest and forthright with the Court. Providing false responses to the Court's inquiries is sanctionable conduct and undermines the administration of justice. *See Morefield v. DuPree*, 2008 WL 5100926 at * 3 (S.D. Ga. Dec. 3, 2008) (dismissing action without prejudice where plaintiff abused the judicial process by providing dishonest information about his prior filing history);

*Gillilan v. Walker*, 2007 WL 842020 at *1 (S.D. Ga. Mar. 15, 2007) (same). It is clear that Fredrick, in bad faith, attempted to mislead the Court as to his filing history[3] to circumvent the § 1915(g) "three strikes" bar.[4] His Complaint should be dismissed without prejudice as a sanction for his dishonesty, and the Court warns Fredrick that such false responses will not be tolerated and may result in more severe and long-term sanctions in the future. Such a dismissal counts as (yet another) § 1915(g) strike against him. *Pinson v. Grimes*, 391 F. App'x 797, 799 (11th Cir. Aug. 9, 2010); *see also Daker v. Bryson*, 2017 WL 1053082 at * 3 (S.D. Ga. Mar. 20, 2017) (analyzing what constitutes a strike).

---

[3] In fact, Fredrick has more than earned the label of frequent filer, having filed over a dozen civil actions in this Court alone. *See, nonexhaustively, Fredrick v. Hooks, et al.*, No. CV314-153 at docs. 13 & 18 (dismissed for failure to comply with court order and for failure to prosecute); *Fredrick v. Danforth, et al.*, No. CV314-162 at docs. 11 & 14 (dismissed without prejudice as sanction for providing dishonest information about his prior filing history); *Fredrick v. Fountain, et al.*, No. CV615-052 at docs. 9 & 11 (voluntarily dismissed); *Fredrick v. Douglass*, No. CV615-102 at docs. 6 & 7 (voluntarily dismissed); *Fredrick v. Cavendar*, No. CV615-104 at docs. 6 & 7 (voluntarily dismissed); *Fredrick v. Scarlett, et al.*, No. CV215-135 at docs. 5 & 8 (dismissed for failure to state a claim); *Fredrick v. Georgia*, No. CV215-163 at docs. 8 & 10 (dismissed for lack of jurisdiction); *Fredrick v. Georgia*, No. CV215-173 at docs. 5 & 6 (dismissed for lack of jurisdiction); *Fredrick v. Williams*, No. CV616-073 at docs. 5 & 7 (dismissed for failure to state a claim); *Fredrick v. Glynn County State Court*, No. CV216-074 at docs. 4 & 11 (dismissed for lack of jurisdiction); *Fredrick v. Douglas*, No. CV615-120 (pending). *See also, Fredrick v. McLaughlin*, No. 317-056 (M.D. Ga.) (denying IFP and dismissing under "three strikes" provision of § 1915(g)).

[4] Fredrick may show cause why his conduct has not violated Rule 11(b) in his objections to this Report and Recommendation. Fed. R. Civ. P. 11(c)(3).

## II. FREDRICK'S IFP STATUS

Because plaintiff has filed at least three previously dismissed cases or appeals which qualify as strikes under Section 1915(g), he may not proceed IFP in this action unless he can demonstrate that he meets the "imminent danger of serious physical injury" exception to Section 1915(g). "In order to come within the imminent danger exception, the Eleventh Circuit requires specific allegations of present imminent danger that may result in serious physical harm." *Odum v. Bryan Cty. Judicial Circuit*, 2008 WL 766661 at *1 (S.D. Ga. Mar. 20, 2008) (quotes & cites omitted). General and conclusory allegations not grounded in specific facts indicating that injury is imminent cannot invoke the Section 1915(g) exception. *Margiotti v. Nichols*, 2006 WL 1174350, at *2 (N.D. Fla. May 2, 2006). The danger must also exist at the time the complaint was filed -- it cannot have already passed and it cannot be based upon some speculative, future harm. *Medberry v. Butler*, 185 F.3d 1189 (11th Cir.1999). "Additionally, it is clear that a prisoner cannot create the imminent danger so as to escape the three strikes provision of the PLRA." *Ball v. Allen*, 2007 WL 484547, at *2 (S.D. Ala. Feb. 8, 2007) (quotes and cites omitted). Fredrick's Complaint makes no allegations

7

about an imminent risk of physical danger, much less any facts supporting such an allegation. He does not fall under the exception, and thus cannot continue IFP in this matter.

However, IFP status was already (erroneously) granted. Numerous courts have interpreted § 1915(g) as empowering them to revoke a prisoner's previously granted IFP status when it later became evident that the original IFP grant was improper. *See, e.g., Davis v. Thomas Cty. Sheriff's Dep't*, 2006 WL 2567883 at *2 (M.D. Ga. Sept. 5, 2006); *Magee v. Clinton*, 2005 WL 613248 (D.C. Cir. Mar. 14, 2005); *Smiley v. Parker*, 2004 WL 1147124 (4th Cir. May 19, 2004); *Adepegaba v. Hammons*, 103 F.3d 383 (5th Cir. 1996). These holdings reflect that "there is no absolute 'right' to pursue a civil appeal [IFP]; rather it is a privilege extended to those unable to pay filing fees in a timely manner." *Adepegaba*, 103 F.3d at 386. It follows that a plaintiff's privilege to proceed IFP should be reevaluated if and when information comes to light that calls into question whether he was initially eligible for that privilege.

Finally,

> the proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed in forma pauperis pursuant to the three strikes provision of

§ 1915(g). The prisoner cannot simply pay the filing fee after being denied in forma pauperis status. He must pay the filing fee at the time he initiates the suit.

*Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002); *see* 28 U.S.C. § 1915(g) ("In no event" may a prisoner proceed IFP when he fails to meet the conditions of the statute). In other words, an inmate denied IFP status based on the three strikes provision must file his lawsuit anew.

As noted above, Fredrick has accumulated at least three strikes and has made no showing that he was "under imminent danger of serious physical injury" when his Complaint was filed. Thus, his request to proceed IFP should never have been granted, and his IFP status should be immediately revoked pursuant to § 1915(g).

As a result of this revocation, the Court should also dismiss Fredrick's claim without prejudice. He may not pay his filing fee after being denied and revive his case. *See Dupree*, 284 F.3d at 1236. This dismissal neither affects Fredrick's substantive rights nor blocks his access to the courts. While he is free to pursue any claim he wishes to bring, Fredrick must do so without the privilege of proceeding IFP unless he can show he is "under imminent danger of serious physical injury."

## IV. SPECIAL CASE MANAGEMENT

The time has come to manage an inmate who won't manage himself. Fredrick has demonstrated that he will continue undeterred even in the face of the Court's repeated admonitions. In that regard, the Court recognizes that "[a]ccess to the courts is unquestionably a right of considerable constitutional significance," but it "'is neither absolute nor unconditional.'" *Miller v. Donald*, 541 F.3d 1091, 1096 (11th Cir. 2008) (quoting *Cofield v. Ala. Pub. Serv. Comm'n*, 936 F.2d 512, 516 (11th Cir. 1991)). Sometimes, "[c]onditions and restrictions on [a] person's access are necessary to preserve the judicial resource for all other persons." *Id.* "Frivolous and vexatious law suits," like those continually pressed by Fredrick, "threaten the availability of a well-functioning judiciary to all litigants." *Id.*[5]

---

[5] "Every lawsuit filed, no matter how frivolous or repetitious, requires the investment of court time, whether the complaint is reviewed initially by a law clerk, a staff attorney, a magistrate, or the judge." *Procup v. Strickland*, 792 F.2d 1069, 1072 (11th Cir. 1986). The federal courts thus have used a variety of "injunctive devices" to protect their dockets from abuse by litigants who monopolize judicial resources through the serial riling of frivolous lawsuits, and they have "considerable discretion" in selecting the appropriate measure to curtail such abuse. *Id.* at 1072, 1074. Courts, however, may not "completely close the courthouse doors to those who are extremely litigious." *Cofield v. Alabama Public Service Comm'n*, 936 F.2d 512, 517 (11th Cir. 1991); *Miller*, 541 F.3d at 1097 (in dealing with an abusive litigant, courts may "not impose blanket prohibitions on" all future filings by that litigant). But they are empowered to impose severe restrictions on an abusive litigant's ability to file

10

## V. CONCLUSION

In sum, the Court **RECOMMENDS** that plaintiff Dante Fredrick's IFP status be **REVOKED** and his Complaint be **DISMISSED** without prejudice. *D'Angelo v. Screven County Commissioners*, 2016 WL 7013523 at *2 (S.D. Ga. Nov. 8, 2016). Further, he should be placed in Special Case Management status. Accordingly, the Court **RECOMMEDS** that the following restrictions be imposed upon plaintiff:

1. As to any future civil actions sought to be commenced *in forma pauperis* (IFP) by plaintiff, the Clerk be **DIRECTED** to receive the papers, open a single miscellaneous file for tracking purposes, and forward them to the presiding judge for a determination as to whether plaintiff qualifies for an exception to the "three strikes" bar to IFP status (in other words, has demonstrated he is in imminent danger of serious physical injury) and whether he has stated a civil rights claim with any arguable merit. Only if the pleading alleges a plausible claim for relief will the Court allow it to be filed. IFP complaints that fail to pass muster shall be **DISMISSED** without any further judicial action after

---

further cases, including the requirement "to seek leave of court before filing pleadings in any new or pending lawsuit." *Procup*, 792 F.2d at 1072.

**THIRTY (30) DAYS** from the date the Clerk receives the Complaint, unless the Court orders otherwise. This automatic dismissal of insubstantial claims "will reduce the burden of paper-moving and explanation-writing, conserving a little judicial time for litigants who deserve attention."[6] Thus, although the Court will read and consider any future IFP application and complaint that Fredrick endeavors to file, it will not necessarily enter an order addressing the IFP application or complaint. If no order is forthcoming, then **THIRTY (30) DAYS** after the Complaint's receipt the Clerk shall, without awaiting any further direction, notify Fredrick that his case has been dismissed per the form attached as an appendix to this R&R.

2. The Clerk shall not docket any further petitions, motions, or papers in this case. The Clerk also shall not docket any further petitions, motions or papers in a case automatically dismissed pursuant to the directive above -- except for a notice of appeal. Any papers other than a notice of appeal shall be returned to plaintiff unfiled. If he files a

---

[6] This mechanism allows the Court to manage its own docket while still allowing plaintiff sufficient access to the Courts if he is in immediate danger. *See, e.g., Heard v. Donald*, 310 F. App'x 348 (11th Cir. 2009) (holding that a restriction of prisoner filings must allow for the immediate-danger exception, because courts should "not close off the litigation avenues that Congress specifically left open under § 1915(g)).

notice of appeal, the Clerk shall forward a copy of this Order, the notice of appeal, and the dismissed Complaint to the Court of Appeals. Plaintiff shall remain responsible for appellate filing fees or he may move this Court to grant IFP status on appeal.

3. To ensure that all future pleadings filed by Fredrick are properly consolidated for review, the Clerk shall personally advise each deputy clerk of the Court's ruling in this case and develop a procedure for ensuring that all future complaints filed by Fredrick are immediately assigned and forwarded to the presiding district judge in this case, regardless of which divisional clerk's office receives and dockets the papers.

4. Plaintiff may file a motion to modify or rescind the imposition of these restrictions **NO EARLIER THAN ONE (1) YEAR** from the date of this Order.

5. A copy of this R&R shall be forwarded to each judicial officer in this district.

This Report and Recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of

13

service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonett v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. U.S.*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED** this __10th__ day of April, 2017.

*/s/ G.R. Smith*
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

IN RE: DANTE FREDRICK ) Case No. MC____
)
)

## NOTICE

TAKE NOTICE that the case that you filed *in forma pauperis* on _____, 20__, has been **DISMISSED WITHOUT PREJUDICE** pursuant to this Court's Order in *Fredrick v. Wilkes, et al.*, CV416-310, doc. 3, *adopted,* doc. ___. The filing, a copy of which is attached hereto, has been docketed in *In re Fredrick*, MC _____. No further action will be taken on your case. You may resubmit it with the full filing fee payment.

SCOTT L. POFF, Clerk

By:_____
  Deputy Clerk

Date: _____